IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 18-13452-AA

MARIA DEL ROCIO BURGOS GARCIA,
LUIS A. GARCIA SAZ,

                                      Plaintiffs-Appellants-Cross Appellees,

versus

CHURCH OF SCEINTOLOGY RELIGIOUS TRUST,
a tax exempt trust doing business in Florida, et al.,

                                      Defendants,

CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC.,
a Florida nonprofit corporation,
CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE ORGANIZATION, INC.,
a foreign corporation doing business in Florida,
d.b.a. Magestic Cruise Lines,

                                      Defendants-Appellees-Cross Appellants.

Appeal from the United States District Court
for the Middle District of Florida

Before: WILSON, MARTIN and ROSENBAUM, Circuit Judges.

BY THE COURT:

      Maria Del Rocio Burgos Garcia and Luis. A. Garcia Saz's motion to amend the complaint, pursuant to 28 U.S.C. § 1653, is GRANTED. Church of Scientology Flag Service Organization, Inc. ("FSO") and Church of Scientology Flag Ship Service Organization, Inc.'s ("FSSO") motion to dismiss the appeal is DENIED.

As an initial matter, the district court's order denying the Garcias' motion to vacate the arbitration award was final and appealable. The order was final because it ended the case for all practical purposes. *See* 9 U.S.C. § 16(a)(3); *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1243 (11th Cir. 2014) (noting that, in assessing whether a decision is final, "[w]hat matters is whether the case, in all practicality, is finished," and concluding that the district court's order was a final decision under § 16(a)(3) because it "was a functionally final and appealable decision because it left nothing more for the court to do but execute the judgment"). In addition, the interlocutory orders granting the Garcias' motion to amend the complaint and denying the motions to dismiss for lack of subject matter jurisdiction are reviewable because those orders produced the final order and merged into it. *See Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1563 (11th Cir. 1993) (noting the rule that interlocutory orders that produced the judgment are merged into the judgment and reviewable on appeal from the final judgment); *Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989) (noting that the review of the final judgment generally will allow this Court to review the prior interlocutory orders). Because this Court may review whether the district court erred in concluding that it could exercise subject matter jurisdiction over the case, we deny FSO and FSSO's motion to dismiss the appeal for lack of jurisdiction. They may raise issues about subject matter jurisdiction in their brief that challenges the district court's orders. *Cf. Akin*, 991 F.2d at 1563.

Finally, the complaint is amended to allege that FSSO was incorporated in Florida when the amended complaint was filed. This amendment cures any deficient allegations about FSSO's citizenship. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304-05 (11th Cir. 2011); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011).

Accordingly, the appeal and cross-appeal MAY PROCEED. The Garcias are directed to file notice of this order in the district court, along with a copy of the amended complaint containing the additional allegations about FSSO's citizenship and this order granting the motion to amend.